## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| FINANCIAL PACIFIC LEASING, INC. ) ) Plaintiff, ) ) v. ) ) A&J LOGISTIC LLC d/b/a A&J LOGISTIC, LLC ) d/b/a A&J LOGISTICS, JERMAINE S. HOLMES, ) and APRIL M. HOLMES ) ) Defendants. ) ) | Case No.: 2:23-cv-79 Claim amount: $111,238.22 plus prejudgment interest, attorneys' fees, and attorneys' costs. |

## COMPLAINT

NOW COMES Plaintiff, FINANCIAL PACIFIC LEASING, INC. ("Financial Pacific"), by and through its counsel, and for its Complaint against Defendants A&J Logistic LLC d/b/a A&J Logistic, LLC d/b/a A&J Logistics ("A&J"), Jermaine S. Holmes ("Jermaine Holmes"), and April M. Holmes ("April Holmes") (collectively the "Defendants"), states as follows:

## PARTIES

1. Financial Pacific is a Washington corporation with its principal place of business located at 3455 S. 344th Way, Suite 300, Federal Way, Washington 98001 and is fully authorized to do business in the State of Illinois.

2. A&J is a limited liability company organized under the laws of the State of Indiana with its principal place of business located at 905 Joliet Street, Dyer, Indiana 46311. Upon information and belief, Jermaine Holmes and April Holmes are the only two members of A&J.

3. Jermaine Holmes is a citizen of the state of Illinois who maintains his domicile at 37 Graymoor Lane, Olympia Fields, Illinois 60461.

4. April Holmes is a citizen of the State of Illinois who maintains her domicile at 37 Graymoor Lane, Olympia Fields, Illinois 60461.

## JURISDICTION AND VENUE

5. Subject Matter Jurisdiction is appropriate in this Court, pursuant to 28 U.S.C. § 1332(a)(1) insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Personal Jurisdiction over Jermaine Holmes and April Holmes is appropriate in this Court, pursuant to Ind. R. Trial P. 4.4(A)(1-3), and (6), insomuch as:

   a. Per Ind. R. Trial P. 4.4(A)(1), Jermaine Holmes and April Holmes are the only two members of A&J, with its principal place of business located at 905 Joliet Street, Dyer, Indiana 46311, and have conducted business in this state by entering into a contractual relationship for the securement of debt.

   b. Per Ind. R. Trial P. 4.4(A)(2), Jermaine Holmes and April Holmes have caused property damage within this state by failing to surrender property pursuant to a contractual relationship for the securement of debt,

   c. Per Ind. R. Trial P. 4.4(A)(3), upon information and belief, Jermaine Holmes and April Holmes derive substantial revenue or benefit from goods, materials, or services used, consumed, or rendered from A&J,

   d. Per Ind. R. Trial P. 4.4(A)(6), Jermaine Holmes and April Holmes, as the only two members of A&J, contracted to insure or act as surety for or on behalf of property located within this state at the time the contract was made, and

   e. Per Ind. R. Trial P. 4.4(A), this Court may exercise personal jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), because A&J's principal place of business is located in this judicial district and because a substantial portion of the events giving rise to this suit occurred in this District.

## BACKGROUND

8. On or about April 2, 2022, Financial Pacific, as Secured Party, and A&J, as Customer, entered into Equipment Finance Agreement No. XXX-910, renumbered as XXXX114-301 (the "Agreement"), for the financing of one (1) Used 2016 INTL 4300 VIN: 1HTMMMML2GH219851 (the "Vehicle"). A true and correct copy of the Agreement is attached hereto as Exhibit 1.

9. Pursuant to the Agreement, A&J agreed to make sixty (60) consecutive monthly payments of $1,875.95. See Exhibit 1.

10. To induce Financial Pacific to enter into the Agreement, Jermaine Holmes and April Holmes personally guaranteed A&J's obligations to Financial Pacific (the "Guaranty"). The Guaranty is set forth on the face of the Agreement.

11. The parties agreed that the Agreement was entered into for commercial purposes to provide a vehicle for A&J's business, and was not entered into for personal, family or household purposes. See Exhibit 1, ¶ 5.

12. Financial Pacific has a first priority security interest in the Vehicle. A true and correct copy of the Certificate of Title reflecting Financial Pacific's lien on the Vehicle is attached hereto as Exhibit 2.

13. Financial Pacific fully performed its obligations under the Agreement and Guaranty.

14. A&J failed to make the payments due to Financial Pacific under the Agreement.

15. Jermaine Holmes and April Holmes failed to make payments due to Financial Pacific under their Guaranty.

16. Failure to make timely payments is a breach of the Agreement and the Guaranty. See Exhibit 1, ¶ 11.

17. Upon the occurrence of an event of default, Financial Pacific is entitled to: all sums due or to become due; prompt return of the Vehicle; and attorneys' fees; and, attorneys' costs. See Exhibit 1, ¶ 11.

18. Pursuant to the Agreement, Financial Pacific is entitled to charges on late payments in the amount of ten percent (10%) per payment. See Exhibit 1, ¶ 4.

19. Pursuant to the Agreement, all amounts past due will bear interest at one and one-half percent (1.5%) per month. See Exhibit 1, ¶ 4.

20. Financial Pacific demanded payment from the Defendants under the Agreement and Guaranty, but Defendants failed to pay the same.

21. The remaining balance due to Financial Pacific under the Agreement and the Guaranty is $111,238.22, consisting of:

**Agreement No. XXX910, renumbered as XXXX114-301**

| | | |
|---|---|---|
| a. | Subtotal due under Agreement: | $109,033.04 |
| b. | Late Charges: | $2,115.99 |
| c. | Interim Rent: | $89.19 |
| | **Total due under the Agreement:** | **$111,238.22** |

22. In addition, the Agreement entitles Financial Pacific to recover its interest, attorneys' fees and costs.

## COUNT I - BREACH OF CONTRACT AGAINST
## DEFENDANT A&J LOGISTIC LLC

23. Plaintiff re-alleges Paragraphs 1 through 22 of its Complaint as though fully set forth herein.

24. Because of A&J's default under the Agreement, Financial Pacific has suffered actual damages in the amount of $111,238.22 plus prejudgment interest and attorneys' fees and costs.

WHEREFORE, Financial Pacific Leasing, Inc. respectfully requests that the Court enter judgment in its favor and against Defendant A&J Logistic LLC d/b/a A&J Logistic, LLC d/b/a A&J Logistics in the amount of $111,238.22 plus prejudgment interest and attorneys' fees and costs, and all other such relief which this Court deems just.

## COUNT II - BREACH OF GUARANTY AGAINST
## DEFENDANTS JERMAINE S. HOLMES AND APRIL M. HOLMES

25. Plaintiff re-alleges Paragraphs 1 through 24 of its Complaint as though fully set forth herein.

26. Due to Jermaine and April Holmes' default under their Guaranty, Financial Pacific has suffered actual damages in the amount of $111,238.22 plus prejudgment interest and attorneys' fees and costs.

WHEREFORE, Financial Pacific Leasing, Inc. respectfully requests that the Court enter judgment in its favor and against Defendants Jermaine S. Holmes and April M. Holmes, jointly and severally, in the amount of $111,238.22 plus prejudgment interest and attorneys' fees and costs, and all other and relief which this Court deems just.

## COUNT III - REPLEVIN AGAINST DEFENDANT
## A&J LOGISTIC LLC
## UNDER INDIANA CODE § 32-35-2-1(1), *ET SEQ.*

27. Financial Pacific re-alleges paragraphs 1 through 26 in its Complaint as though fully set forth herein.

28. This claim is brought pursuant to Indiana Code § 32-35-2, *et seq.*, made applicable to this proceeding pursuant to 28 U.S.C. § 1652, for the Vehicle located in Indiana.

29. Pursuant to the Agreement and its perfected security interest, Financial Pacific has first priority security interest in the Vehicle. See Exhibit 2.

30. Due to A&J's default under the Agreement, Financial Pacific is entitled to the return of and the exclusive possession of the Vehicle, one (1) Used 2016 INTL 4300 VIN: 1HTMMMML2GH219851.

31. A&J refuses to surrender the Vehicle voluntarily. Upon information and belief, the Vehicle is located at 905 Joliet Street, Dyer, Indiana 46311.

32. A&J is wrongfully and unlawfully detaining the Vehicle from Financial Pacific.

33. The Vehicle has not been taken for any tax, assessment, or fine levied by virtue of any law of this State, against the property of such plaintiff, or against him or her individually, nor seized under any lawful process against the goods and chattels of such plaintiff subject to such lawful process, nor held by virtue of any order for replevin against such plaintiff.

34. Financial Pacific has made demand upon A&J for the return of the Vehicle, but A&J refused to return the same.

35. Therefore, Financial Pacific is entitled to turnover of the Vehicle, pursuant to Indiana Code 32-35-2-1(1), *et seq*.

36. Financial Pacific estimates the fair market value of the Vehicle, depending on its condition, as approximately $41,000.00 to $45,000.00.

WHEREFORE, Financial Pacific Leasing, Inc. respectfully requests that this Court enter a Writ of Replevin order directing the United States Marshal or any other designated officer, to use all necessary force, including such force to break locks, to repossess the Vehicle, or any portion thereof, from Defendant A&J Logistic LLC d/b/a A&J Logistic, LLC d/b/a A&J Logistics at 905 Joliet Street, Dyer, Indiana 46311, or wherever they may be found, and enter judgment against Defendant A&J Logistic LLC d/b/a A&J Logistic, LLC d/b/a A&J Logistics for the value of any Vehicle not so returned, plus attorney's fees and costs, as well as all other and further relief which this Court deems just.

## COUNT IV - DEFENDANT
## A&J LOGISTIC LLC TO ASSEMBLE THE VEHICLE AND MAKE AVAILABLE THE VEHICLE TO FINANCIAL PACIFIC LEASING, INC.
## UNDER INDIANA CODE § 26-1-9.1-609, *ET SEQ.*

37. Financial Pacific re-alleges paragraphs 1 through 36 in its Complaint as though fully set forth herein.

38. This claim is brought pursuant to Indiana Code § 26-1-9.1-609, *et seq.*, made applicable to this proceeding pursuant to 28 U.S.C. § 1652, for the Vehicle located in Indiana.

39. Due to A&J's default under the Agreement, Financial Pacific "may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties." Indiana Code § 26-1-9.1-609(c).

40. Therefore, Financial Pacific is entitled to compel A&J to assemble the Vehicle and make it available to Financial Pacific at a place to be designated by Financial Pacific which is reasonably convenient to both parties. *Id*.

7

WHEREFORE, Financial Pacific Leasing, Inc. respectfully requests that this Court enter an order compelling Defendant A&J Logistic LLC d/b/a A&J Logistic, LLC d/b/a A&J Logistics to assemble the Vehicle and make the Vehicle available to Financial Pacific Leasing, Inc. within ten (10) days, at a place to be designated by Financial Pacific Leasing, Inc. which is reasonably convenient to both parties and within this Court's jurisdiction, as well as all other and further relief which this Court deems just.

FINANCIAL PACIFIC LEASING, INC.

By:   /s/ D. Alexander Darcy

Alex Darcy (ARDC # 06620515)
Darcy & Devassy PC
444 N. Michigan Avenue, Suite 3270
Chicago, IL 60611
(312) 784-2400 (t)
(312) 784-2410 (f)
adarcy@darcydevassy.com