**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| FINANCIAL PACIFIC LEASING, INC. ) <br> ) <br> Plaintiff, ) <br> ) Case No.: 2:23-cv-79 <br> v. ) <br> ) Judge James T. Moody <br> A&J LOGISTIC LLC d/b/a A&J LOGISTIC, LLC ) <br> d/b/a A&J LOGISTICS, JERMAINE S. HOLMES, ) <br> and APRIL M. HOLMES ) <br> ) <br> Defendants. ) | |

**MOTION FOR DEFAULT JUDGMENT**

NOW COMES Plaintiff FINANCIAL PACIFIC LEASING, INC. ("Financial Pacific"), by and through its counsel, and for its Motion for Default Judgment against Defendants Jermaine S. Holmes ("Jermaine Holmes") and April M. Holmes ("April Holmes") (collectively the "Defendants") pursuant to Fed. R. Civ. P. 55(b), states as follows:

**INTRODUCTION**

As a preliminary matter, Financial Pacific Leasing Inc. ("Financial Pacific") has repossessed the equipment financed, one (1) 2016 International 4300 Box Truck (the "Vehicle"). To date, Financial Pacific has been unable to sell the Vehicle. In the Judgment Order, Financial Pacific will add language that it will credit Defendants' account if it is able to sell the Vehicle. Financial Pacific will dismiss its action against A&J Logistic LLC d/b/a A&J Logistic ("A&J"), given the difficulty in obtaining service following numerous service attempts.

1

**BACKGROUND**

1. On March 3, 2023, Financial Pacific filed its Verified Complaint against A&J for breach of contract, replevin, and against Jermaine Holmes and April Holmes for breach of guaranty. *See* Docket Entry No. 1.

2. On March 15, 2023 Financial Pacific served Jermaine Holmes. *See* Docket Entry No. 5.

3. On March 15, 2023 Financial Pacific served April Holmes. *See* Docket Entry No. 6.

4. Jermaine Holmes is not subject to the Soldier's and Sailor's Act of 1940. *See* Declaration as to Military Service regarding Jermaine Holmes attached hereto as Exhibit 1.

5. April Holmes is not subject to the Soldier's and Sailor's Act of 1940. *See* Declaration as to Military Service regarding April Holmes attached hereto as Exhibit 1.

6. Federal Rule of Civil Procedure 12(a)(1)(A)(i) provides the time for serving a responsive pleading is within twenty-one (21) days after being served with the summons and complaint. Accordingly, Defendants' responsive pleadings were due on or before April 5, 2023. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (West 2022).

7. Therefore, Defendants are in default for failing to timely file an appearance, answer, or other responsive pleading. *See* Fed. R. Civ. P. 55 (West 2022).

8. On July 10, 2023, the clerk entered a default as to April Holmes and Jermaine Holmes. *See* Docket Entry No. 9.

9. Pursuant to Federal Rule of Civil Procedure 8(b)(6), an allegation, except those relating to the amount of damages, is deemed admitted if a responsive pleading is required and the allegation is not denied. *See* Fed. R. Civ. P. 8(b)(6) (West 2022).

10. Therefore, the Defendants admit the following:

a) On or about April 2, 2022, Financial Pacific, as Secured Party, and A&J, as Customer, entered into Equipment Finance Agreement No. XXX-910, which was re-numbered to XXXX114-301, (the "Agreement") for the financing of one (1) Used 2016 INTL 4300 VIN: 1HTMMMML2GH219851 (the "Vehicle").

b) Pursuant to the Agreement, A&J agreed to make sixty (60) consecutive monthly payments of $1,875.95.

c) To induce Financial Pacific to enter into the Agreement, Jermaine Holmes and April Holmes personally guaranteed A&J's obligations to Financial Pacific (the "Guaranty").

d) The parties agreed that the Agreement was entered into for commercial purposes to provide a vehicle for A&J's business, and was not entered into for personal, family, or household purposes.

e) Financial Pacific has a first priority security interest in the Vehicle.

f) Financial Pacific properly perfected its first priority security interest by recording its lien on the Certificate of Title for the Vehicle.

g) A&J failed to make the payments due to Financial Pacific under the Agreement.

h) Jermaine Holmes and April Holmes failed to make payments due to Financial Pacific under their guaranty.

i) Failure to make timely payments is an Event of Default under the Agreement and Guaranty.

j) Upon the occurrence of an Event of Default, Financial Pacific is entitled to: all sums due or to become due; prompt return of the Vehicle; and attorneys' fees; and, attorneys' costs.

k) Pursuant to the Agreement, Financial Pacific is further entitled to late fees in the amount of ten percent (10%) of the payment.

l) Pursuant to the Agreement, all amounts past due will bear interest at one and one-half percent (1.5%) per month.

m) Financial Pacific demanded payment from the Defendants pursuant to the Agreement and Guaranty, but Defendants have failed or refused to make payment.

n) Financial Pacific fully performed its obligations under the Agreement and Guaranty.

## DAMAGES

Per Count II, Defendants are jointly and severally indebted to Financial Pacific for money damages in the amount of $132,359.32, inclusive of prejudgment interest through August 3, 2023, with interest continuing to accrue at the rate of $54.86 per diem until entry of judgment, plus attorneys' fees and costs. The Declaration of Samantha Nettles, AVP Collection Manager at Financial Pacific, establishes the amount due to Financial Pacific and is attached hereto as Exhibit 2 ("Nettles Declaration").

11. Financial Pacific is further entitled to attorneys' fees and costs in the amount of $4,816.05. See Declaration of D. Alexander Darcy in Support of Attorneys' Fees and Costs, attached hereto as Exhibit 3.

## BREACH OF CONTRACT

12. Per Count II, Financial Pacific is entitled to judgment against Jermaine Holmes and April Holmes for breach of the Guaranty.

13. Per the choice of law provision in the Agreement, this matter is governed by the laws of the State of Washington.

14. Under Washington law, to prevail on a breach of contract claim, a plaintiff must demonstrate four common elements: (1) that a contract exists which imposes a duty on the defendant; (2) the defendant breached by failing to fully perform that duty; (3) causation; (4) damages. *Jacob's Meadow Owners Ass'n v. Plateau 44 II, LLC*, 162 P.3d 1153, 1161 (Wash. App. Div. 1 2007).

15. Jermaine Holmes' and April Holmes' act of executing the Guaranty created a duty, making the Defendants responsible for A&J's obligation to make timely payments and perform all obligations to Financial Pacific under the Agreement. By failing or refusing to make payment due

to Financial Pacific when A&J failed to make payment, Jermaine Holmes and April Holmes breached that duty. Said breach caused Financial Pacific to suffer damages in the amount of $132,359.32, inclusive of prejudgment interest through August 3, 2023.

WHEREFORE, Financial Pacific Leasing, Inc. respectfully requests that the Court enter an order:

    a) Granting Financial Pacific Leasing, Inc.'s Motion for Default Judgment;

    b) As to Count I, dismissing the breach of contract claim against A&J Logistic, Inc. without prejudice.

    c) As to Count II, entering judgment in favor of Financial Pacific Leasing, Inc. and against Jermaine S. Holmes and April M. Holmes, jointly and severally, in the amount of $135,145.55, for the amounts due under the Agreement and Guaranty, inclusive of interest to date as shown below:

| | | |
|---|---|---|
| a. | **Remaining Rental Payments:**<br>58.12 (reflecting partial payment)<br>payments of $1,875.95 | $109,033.04 |
| b. | **Late Charges**:<br>See Exhibit A, ¶ 4. | $2,115.99 |
| c. | **Interim Rent**:<br>See Exhibit A, ¶ 11. | $89.19 |
| d. | **Accrued Prejudgment Interest**<br>Calculated at the rate of 1.5% per month from July 15, 2022 to August 3, 2023 (385 days), and continuing to accrue at the rate of $54.86 per diem. See Exhibit 1, ¶ 4. | $21,121.10 |

    Total:                   *$ 132,359.32 exclusive of attorneys' fees and costs*

and $4,816.05 in attorneys' fees and costs for a total amount of **$139,961.60**;

    d) As to Count III, dismissing the replevin count with prejudice.

    e) Financial Pacific Leasing, Inc. shall credit the sale of the Vehicle to the balance owed under the judgment.

5

f) There is no just reason for delaying either enforcement or appeal of this final judgment order pursuant to Federal Rule of Civil Procedure 54(b).

g) Awarding further relief as this Court deems just and proper.

                              FINANCIAL PACIFIC LEASING, INC.

                  By:    /s/ D. Alexander Darcy

                              D. Alexander Darcy (ARDC #06220515)
                              Darcy & Devassy PC
                              444 N. Michigan Ave., Suite 3270
                              Chicago, IL 60611
                              (312) 784-2400 (t)
                              (312) 784-2410 (f)
                              adarcy@darcydevassy.com