UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **FINANCIAL PACIFIC LEASING, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 2:23 CV 79 |
| | ) |
| **A&J LOGISTIC, LLC,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION and ORDER

This matter is before the court on plaintiff Financial Pacific Leasing, Inc.'s ("Financial Pacific") motion for default judgment against defendants Jermaine S. Holmes and April M. Holmes (collectively, "defendants").[1] (DE # 11.) For the reasons that follow, the motion is granted.

### I.    BACKGROUND

In March of 2023, plaintiff filed the instant suit against defendants, for breach of contract and replevin. (DE # 1.) On March 15, 2023, plaintiff served defendants. (DE ## 5, 6.) Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), defendants had 21 days to file a responsive pleading. On July 10, 2023, at plaintiff's request, the Clerk entered default against defendants. (DE # 9.)

Plaintiff subsequently filed the instant motion for default judgment, to which defendants have not responded. Plaintiff seeks damages against defendants, as well as

---

[1] Plaintiff has named an additional defendant in its complaint, A&J Logistic, LLC d/b/a A&J Logistic, but wishes to voluntarily dismiss this defendant because plaintiff has been unable to complete service of process. For purposes of this motion, the court refers to only Jermaine Holmes and April Holmes when using the term "defendants."

attorneys' fees. (DE # 11.)

Plaintiff only seeks default judgment on its breach of contract claim. (*Id.*) Plaintiff requests that this court dismiss Count I against defendant A&J Logistic without prejudice, and dismiss Count III against all defendants with prejudice. (*Id.* at 5.) These requests are summarily granted. *See* Fed. R. Civ. P. 41(a).

## II. LEGAL STANDARD

The court may enter default judgment against a party against whom affirmative relief is sought when it fails to plead or otherwise defend. FED. R. CIV. P. 55(b)(2). "The grant or denial of a motion for the entry of a default judgment lies within the sound discretion of the trial court . . .." *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.,* 722 F.2d 1319, 1322 (7th Cir. 1983). If the court determines that the defendant is in default, all well-pleaded allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994). The court may hold a hearing or conduct an investigation to determine the amount of damages, FED. R. CIV. P. 55(b)(2); however, no investigation is needed if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.2d at 1323.

## III. FACTS

Based on defendants' default, the court takes the allegations in the complaint (except those related to the amount of damages) as true. The affidavit and exhibits

2

plaintiff submitted with its motion and in its complaint further establish the veracity of the allegations made in the complaint.

On April 2, 2022, plaintiff and A&J Logistic entered into an equipment finance agreement to finance a vehicle. (DE # 1-1.) Pursuant to the agreement, A&J Logistic agreed to make 60 consecutive monthly payments of $1,875.95. (*Id.*) Defendants personally guaranteed A&J Logistic's obligations to plaintiff. (*Id.*) Plaintiff has a first priority security interest in the vehicle that A&J Logistic leased. (DE # 1-2.) Plaintiff fully performed its obligations under the agreement and guaranty, but A&J Logistic failed to make the payments due under the agreement. (DE # 1.) Defendants then failed to make the payments owed under their guaranty. (*Id.*) Under the agreement, a default occurs when there is a failure to make a timely payment. (DE # 1-1.) Under the agreement, upon the occurrence of a default, plaintiff is entitled to all sums due or to become due, prompt return of the vehicle, and attorneys' fees and costs. (*Id.*) Furthermore, under the agreement, plaintiff is entitled to charges on late payments in the amount of 10% per payment, and all amounts past due will bear interest at 1.5% per month. (*Id.*) Plaintiff demanded payments under the agreement and guaranty but defendants failed to pay. (DE # 1.)

## IV.   LEGAL CONCLUSIONS

### A.   *Jurisdiction*

The court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy is greater than

3

$75,000.00. Venue is proper under 28 U.S.C. § 1391(b)(2). Personal jurisdiction is established over defendants due to defendants' minimum contacts with Indiana.

  B.  Breach of Contract

Plaintiff's claim against defendants is for breach of contract; specifically, breach of their guaranty. Plaintiff claims that it is entitled to a finding that defendants breached the parties' contract. Plaintiff asserts that Washington law applies, pursuant to the choice-of-law provision in the contract. (*See* DE # 1-1 at 2.) Plaintiff is correct.

"When a federal court sits in diversity, we look to the choice-of-law rules of the forum state to determine which state's law applies to the issues before it." *Sosa v. Onfido, Inc.*, 8 F.4th 631, 637 (7th Cir. 2021) (cleaned up). Under Indiana law, the parties' choice-of-law provision dictates the substantive law to be applied. *See e.g. Allen v. Great Am. Rsrv. Ins. Co.*, 766 N.E.2d 1157, 1162 (Ind. 2002); *Lincoln Nat'l Life Ins. Co. v. Kennedy*, 167 N.E.3d 349, 353 (Ind. Ct. App. 2021). Accordingly, the court will apply the substantive law of the State of Washington.

Under Washington law, in order to establish a breach of contract claim, a plaintiff must demonstrate that there was a contract between the parties that imposed a duty on the defendant, that the defendant failed to perform that duty, and that this failure to perform proximately caused harm to the plaintiff. *P.E.L. v. Premera Blue Cross*, 540 P.3d 105, 115 (Wash. 2023); *Jacob's Meadow Owners Ass'n v. Plateau 44 II, LLC*, 139 Wash. App. 743, 757, n. 3 (2007). Plaintiff established the existence of a contract between the parties. (*See* DE # 1-1.) Plaintiff has also alleged that the contract imposed a

4

duty on defendants to guarantee A&J Logistic's financial obligation to plaintiff, and that defendants failed to make the required payments after A&J Logistic's default, thus causing harm to plaintiff. (DE # 1.) Accepting the allegations in the complaint as true, the court finds defendants liable for breach of contract.

## V.     DAMAGES

The court must next consider what damages, if any, to which plaintiff is entitled. Plaintiff submitted evidence that, upon the occurrence of an event of default, the parties' agreement states that plaintiff is entitled to all sums due or to become due, prompt return of the vehicle, and attorneys' fees and costs. (DE ## 1-1, 11-2.) Plaintiff also submitted evidence that, under the agreement, plaintiff is entitled to charges on late payments in the amount of 10% per payment, and that all amounts past due will bear interest at 1.5% per month. (DE # 11-2.) Plaintiff submitted evidence that, under the terms of the contract, defendants are liable to plaintiff for: $109,033.04 in remaining rental payments; $2,115.99 in late charges; $89.19 in interim rent; $21,121.10 in accrued prejudgment interest; and attorneys' fees and costs. (*Id.*) Plaintiff claims a total of $4,816.05 in attorneys' fees and costs. (DE # 11-3.)

As the damages in this case are capable of ascertainment from definite figures contained in the documentary evidence, no hearing on damages is necessary. *See Dundee Cement Co.*, 722 F.2d at 1323. The documentary evidence supports an award of damages in the amount of $132,359.32, and attorneys' fees and costs in the amount of $4,816.05. Therefore, the court awards those damages to plaintiff.

## VI. CONCLUSION

For the foregoing reasons, plaintiff Financial Pacific Leasing, Inc.'s motion for default judgment (DE # 11) is **GRANTED**. The court **DIRECTS** the Clerk to **ENTER FINAL JUDGMENT** in this case in favor of plaintiff Financial Pacific Leasing, Inc. and against defendants Jermaine S. Holmes and April M. Holmes, in the amount of $132,359.32 in contractual damages and $4,816.05 in attorneys' fees and costs. The court **GRANTS** plaintiff's request to voluntarily dismiss its claims against A&J Logistic, Inc. without prejudice, and its request to voluntarily dismiss its replevin claim (Count III) with prejudice. Financial Pacific Leasing, Inc. shall credit the sale of the vehicle to the balance owed under the judgment.

**SO ORDERED.**

Date: August 22, 2024

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT